Manuel Ramón Purcell, Plaintiff and Appellee, *v.* María Porrata et al., Defendants and Appellants.

No. 9076.—Argued May 7, 1945.—Decided July 6, 1945.

*Juan Nevárez Santiago* for appellants. *Rafael Hernández Matos* for appellee.

Mr. Justice Todd, Jr., delivered the opinion of the court.

The primary question in this appeal is whether an action of unlawful detainer at sufferance lies against a married woman without joining her husband as party defendant, when it is not alleged in the complaint that she is living separate and apart from her husband because he has deserted her.[1] The facts are as follows:

On August 9, 1944, Manuel Ramón Purcell filed an action of unlawful detainer against María Porrata and Isabel Crespo in the District Court of Ponce, and alleged that they were withholding material possession of a house described

---

[1] Section 54 of the Code of Civil Procedure provides:

"When a married woman is a party, her husband must be joined with her, except:

"1. When the action concerns her separate property, or her right or claim to the homestead property, she may sue or be sued alone.

"2. When the action is between herself and her husband, she may sue or be sued alone.

"3. When she is living separate and apart from her husband, by reason of his desertion of her, she may sue or be sued alone."

in the complaint against the will of the plaintiff without paying any rental or consideration whatsoever. The first appearance was set for August 18, and the summons was accordingly issued and served by a private person, who, upon failing to find María Porrata, served it on her maid, Isabel Crespo, as the person in charge of the property, pursuant to the provisions of the Unlawful Detainer Act. The defendants answered and María Porrata alleged lack of jurisdiction as to her person on the ground that the summons as well as service thereof were contrary to law. They both denied the essential facts of the complaint and by way of special defense alleged a right to live in the house in question during the life of Guillermo Oppenheimer, defendant María Porrata's husband, which gave them the right of occupancy.

On August 25 a second hearing was held and both parties appeared. Oral and documentary evidence was introduced and the case was submitted without argument. On August 31, the district court rendered judgment sustaining the complaint. The defendants thereupon took this appeal, where they urge that the court erred: (1) in failing to sustain the plea of lack of jurisdiction on the ground that María Porrata had not been summoned through her husband, Guillermo Oppenheimer, and because the latter had not been joined as a party defendant; and (2) in failing to hold that there existed a right to live on the property.

■ As to the failure to summon defendant María Porrata through her husband, appellants have cited no statutory provision, nor are we aware of any, requiring such service. Section 93 of the Code of Civil Procedure requires that the summons be served personally on defendant, except in cases of corporations, minors, incapacitated persons, and the Government. And even minors and incapacitated persons must be summoned personally.[2]

---

[2] Rule 4(d) (1) of the Rules of Civil Procedure establishes a new form of service when the defendant has authorized an agent to receive service.

Of course, the exception established by § 4 of the Unlawful Detainer Act itself (§ 623 of the Code of Civil Procedure)[3] as to constructive summons, does not support appellants' contention either.

However, in our opinion, appellants are correct in their allegation that, since defendant María Porrata is a married woman and her husband was not joined as a party defendant, the trial court never acquired jurisdiction to enter judgment against her.

It is true that it was not alleged in the complaint that defendant María Porrata is a married woman; but this fact was admitted by the plaintiff when the legal question was raised by the defendants and, besides, it was proved at the trial. The lower court found that "Guillermo Oppenheimer does not reside in said house, but resides *indiscriminately in San Juan and Ponce. 'He goes and comes'*, as he stated on the witness-stand." Based on this finding, the lower court decided that it was defendant María Porrata who detained possession of the house together with her maid Isabel Crespo.

Independently of whether such finding is supported by the evidence, the fact of whether defendant's husband comes and goes from Ponce to San Juan, in other words, whether or not he resides permanently in Ponce, is not the real gist of the question. Unless otherwise alleged and proved, the law not only presumes that a married woman lives together with her husband, but it expressly provides that "the husband and wife shall live together . . . " and the wife "shall follow him [her husband] wherever he elects to reside." Sections 88 and 90 of the Civil Code. Therefore, even though

[3] Section 4 of the Unlawful Detainer Act (§ 623 of the Code of Civil Procedure) provides:

"The action shall be commenced by filing a complaint prepared in accordance with that prescribed in the Code of Civil Procedure for an ordinary action, and, after the filing thereof, the plaintiff and defendant shall be ordered to appear for a hearing which must be held within ten days after the commencement of the action."

the Oppenheimer spouses resided part of the time in San Juan and partly in Ponce, the fact that the wife was at any time occupying alone the house in question was, for all legal purposes, the same as if it was being occupied by both.[4]

No case heretofore decided by this court, construing § 54 of the Code of Civil Procedure,[5] has presented a factual situation similar or identical to the one involved herein. The truth is that we are dealing with an elementary question. To try to dispossess a married woman, who is not separated from her husband, of the house that they both occupy, without joining the husband as a party to the proceedings, would be an idle gesture, inasmuch as the husband would continue occupying the property and his wife would not only be entitled, but compelled to continue to live with him. The husband is not only a necessary party but an indispensable party defendant to the suit. It makes no difference that the defendants erroneously argued in the lower court that they only attacked the sufficiency of the summons on the ground that defendant María Porrata was not summoned through her husband. According to § 54, *supra,* María Porrata could not have been sued without her husband being joined with her. By way of the demurrer contained in the answer the issue was implicitly raised that defendant's husband was an indispensable party to the action. And the evidence introduced disclosed that such was the fact.

The judgment appealed from should be reversed and the case remanded for further proceedings.

---

[4] In fact, when the summons was served in this case defendant María Porrata was not at the house in Ponce but with her husband at San Juan.

[5] The majority of the cases have been actions for damages or seeking the performance of a contract wherein it was decided whether the action lay in favor or against the conjugal partnership or whether it lay in favor or against the married woman, her separate estate being involved.